## CIRCUIT COURT OF ARLINGTON COUNTY

Charles Argyll Campbell

v.

Marcia Lolita Mehl Campbell

August 29, 1984

Case No. (Chancery) 34701

By JUDGE THOMAS R. MONROE

This case came on to be heard for spousal support and equitable distribution of property and attorney fees. A Final Decree of Divorce was entered on the 30th day of January, 1984. Evidence was presented, and the Court heard and considered the papers filed herein and argument of counsel.

Pursuant to Virginia Code Section 20-107.3 I must first determine the title ownership and value of real and personal property, and which of the property is separate and which is marital. The Court makes the following findings of fact in this connection.

The parties were married on January 7, 1967, and divorced on January 30, 1984. One child, Alicia Elizabeth Campbell, was born of this marriage on February 23, 1968. She is in the custody of Complainant.

They owned jointly a home in Baton Rouge, Louisiana, which was acquired by the sale of a previous house and money contributed by Mr. Campbell. This property was recently sold for $119,500.00 with a net of $83,157.65. The home was marital property and each party owns one-half of the net proceeds of the sale.

When they last lived together the couple had one automobile which was left with Mrs. Campbell valued at $400.00 to $500.00. It is the opinion of the Court that the automobile is marital property.

During the latter part of the marriage Mrs. Campbell came into possession of approximately $2,500.00. The amount of money was sent to her parents and All Savers Certificates were purchased for her. This investment has remained separate and I find that this is her separate property.

The parties lived in a town house prior to their separation. In this house the parties' furniture was lodged. Mr. Campbell did not receive any at the time he left the marital home. No evidence was presented as to the furniture kept by Mrs. Campbell, its description or value. The furniture is marital property.

Mrs. Campbell had a diamond ring worth about $500.00 received before marriage. I find that this was and is her separate property.

Mrs. Campbell, a forty-eight year old lady, suffered a major stroke on or about November 15, 1978, and has had additional seizures. As a result of the stroke she has been physically and mentally impaired. She has suffered disability of speech and walk, and her ability to read and write have greatly diminished. Brain damage and detrimental personality traits have ensued. Today she is not able to satisfy the bare minimum requirements of a job and is unemployed.

Mr. Campbell, age 54, has worked for the United States Chamber of Commerce for ten years. He is presently employed by the National Association of Manufacturers as Executive Director. He is in good physical condition and appears to be emotionally stable and mature.

Mr. Campbell may be entitled, if he lives to age 62, to receive from a retirement plan with the United States Chamber of Commerce the monthly pension of $426.00. No actuary has testified as to the present non-vested value. There was testimony that if he continues to work for National Association of Manufacturers until age 65 a pension will be received. Evidence presented was insufficient to allow the Court to make a determination of the present value of pension or retirement benefits.

Virginia Code Section 20-107.3(E) lists the factors to be considered in arriving at any award and the method of payment. Each of these factors, to the extent there was evidence presented, has been consi-

dered. During the marriage Mr. Campbell earned all of the income. Mrs. Campbell contributed as a mother, wife and homemaker. Her contributions were equal to the contributions of Mr. Campbell. The parties were married for seventeen years. Mrs. Campbell is 48 and she is physically and mentally restricted as a result of a stroke suffered in 1978. She is unable to work or contribute towards her support. Mr. Campbell is 54 years of age and enjoys good health. The divorce was not on the grounds of fault of either party. No evidence was presented as to tax consequences to either party and I find none to be relevant in this case.

It is the opinion of the Court that each party is entitled to one-half of $83,157.65 net proceeds received from the sale of the marital home in Baton Rouge, Louisiana; each party shall receive the amount in a lump sum, less any withdrawal; that Mrs. Campbell is entitled to the automobile or its value, All Savers Certificates which are her separate property, the entire marital furnishings left in the home by Mr. Campbell, and her diamond ring received before marriage as her separate property.

On the issue of spousal support to which Mrs. Campbell may be entitled, considering the evidence presented and previously stated and that final support cannot be awarded until after the findings herein made, counsel should provide that support previously ordered be now awarded as permanent support in the amount of $369.00 payable to Mrs. Campbell every two weeks. Virginia Code Section 20-107.1 sets forth the factors considered by the Court.

Considering the fact that each party has had to retain counsel and the divorce was on a "no-fault ground" attorney fees will be borne by the respective parties.